IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jane Doe, *by and through her guardian and natural parent N.O.*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| South Carolina Department of Social Services, Michael Leach, Oril Demas, SCDSS Supervisor *(Name Unknown)*, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:23-cv-00698-JDA

**OPINION AND ORDER**

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 45.] This motion is fully briefed [Docs. 48; 49] and ready for review.

**BACKGROUND**[1]

In ruling on a motion for summary judgment, this Court reviews the facts and reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*,

---

[1] Pursuant to the undersigned's Rule 56 Summary Judgment Motion Procedures, the parties submitted a movants' statement of material facts [Doc. 45-2] and an opponent's statement of material facts [Doc. 48-1]. The parties could not agree on a joint statement of material facts as required by this Court's Summary Judgment Motion Procedures. [*See* Docs. 45-1 at 4 n.2; 48 at 2; *see also* Doc. 48-27.] Further, Plaintiff did not fully comply with the Court's requirements for the opponent's statement in that she failed to delineate whether each of Defendants' facts were "disputed or undisputed"; likewise, Defendants also did not fully comply with the Court's requirements in that they failed to file a reply statement delineating whether each of Plaintiff's facts in her opponent's statement were "disputed or undisputed." Accordingly, the facts provided by both parties will be deemed undisputed for the purposes of the motion for summary judgment, and the Court will cite to these documents for the relevant facts included herein. *See* Summary Judgment Motion Procedures ("All facts asserted in the Movant's Statement of Material Facts or in the Opponent's Statement of Material Facts shall be deemed admitted for the purpose of deciding the summary judgment motion unless specifically disputed or controverted as set forth herein, including specific, pinpoint references to evidence in the record.").

550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

On approximately May 10, 2021, South Carolina Department of Social Services ("SCDSS") received a complaint of abuse and neglect of Plaintiff Jane Doe. [Doc. 45-2 ¶ 1.] SCDSS learned from the complaint and upon interviewing Plaintiff at her school that her mother, N.O., is physically abusive toward Plaintiff, sometimes makes her remove her clothes to her underwear and beats her with a belt or switch, has spanked her with a belt for five minutes straight, and has given her marks on her arms. [*Id*. ¶¶ 2–3.] Defendant Oril Demas ("Demas"), an SCDSS employee, was assigned as the Child Protective Services Investigator for the case. [Docs. 48-1 ¶ 3; 48-18 at 6 (6:2–4).]

As part of the investigation of the complaint of abuse, SCDSS referred Plaintiff to the Children's Advocacy Center for a forensic interview and forensic medical exam. [Doc. 45-2 ¶ 5.] There were no specific allegations of sexual abuse during the investigation. [*Id*. ¶ 6.] Plaintiff received a medical forensic examination on May 25, 2021, and, as part of the examination, the nurse practitioner conducted a genital examination and took photographs with a colposcope of Plaintiff's vagina (the "Examination"). [Docs. 48-1 ¶ 9; 45-2 ¶¶ 7–8.]

Plaintiff asserts four claims against Defendants, arguing that the manner in which the Examination was performed breached a duty of care owed to Plaintiff and violated her rights under the United States Constitution. [Doc. 1-1.] Plaintiff's first two claims, brought under the South Carolina Tort Claims Act ("SCTCA"), assert that SCDSS was negligent and grossly negligent in authorizing an invasive physical examination of Plaintiff and in failing to explain to Plaintiff's mother the specifics of the Examination. [*Id*. ¶¶ 62–76.]

2

Plaintiff also alleges, pursuant to 42 U.S.C. § 1983, that Defendants Demas, Michael Leach,[2] and SCDSS Supervisor (Name Unknown) violated her Fourteenth Amendment rights by subjecting her to the Examination. [*Id*. ¶¶ 77–104.] Plaintiff seeks actual and punitive damages, attorneys' fees and costs, and declaratory and injunctive relief. [*Id*. at 22.]

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations

---

[2] Defendant Leach is the State Director of SCDSS. [Docs. 1-1 ¶ 8; 4 ¶ 10.]

averred in his pleadings. *Id*. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id*. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id*. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A)     citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B)     showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Defendants argue they are entitled to summary judgment because Plaintiff has failed to produce any competent, admissible evidence to create a material question of fact that Defendants violated any statute, acted negligently, or violated Plaintiff's

4

constitutional rights.  [Docs. 45; 45-1.]  The Court agrees and grants Defendants' motion for the reasons set forth below.

**Negligence and Gross Negligence Claims**

Defendants argue that Plaintiff's negligence claims against SCDSS fail under the SCTCA because Plaintiff has not presented admissible evidence of gross negligence or that any Defendant failed to exercise even the slightest care in investigating the complained-of physical abuse of Plaintiff.[3]  [Doc. 45-1 at 8–10, 15–16.]  In response, Plaintiff argues that SCDSS negligently created the risk by allowing cookie cutter genitourinary exams on all children regardless of the type of allegations of abuse and/or neglect or the fact that the children denied any sexual abuse.  [Doc. 48 at 4–6.]

The SCTCA is the exclusive remedy for torts committed by employees of state agencies.  S.C. Code Ann. § 15-78-70(a).  Under the SCTCA, state agencies are liable for their torts "in the same manner and to the same extent" as private individuals.  *Id*. § 15-78-40.  The SCTCA, however, carves out several exceptions to this general waiver of immunity.  Relevant here is S.C. Code Ann. § 15-78-60(25), which provides that a "governmental entity is not liable for a loss resulting from . . . responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any . . . patient . . . or client of any governmental entity, *except when the responsibility or duty is exercised in a grossly negligent manner*."  S.C. Code Ann. § 15-78-60(25) (emphasis added).  "Gross negligence is the intentional conscious failure to do something which it is

---

[3] Defendants also argue that Plaintiff is unable to rebut the presumption created by S.C. Code Ann. § 63-7-400, that Plaintiff's claims fail under the public duty rule, and that Plaintiff's claims fall within an exception to the waiver of sovereign immunity under the SCTCA.  [Doc. 45-1at 10–14.]

incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Etheredge v. Richland Sch. Dist. One*, 534 S.E.2d 275, 277 (S.C. 2000). In other words, "[i]t is the failure to exercise slight care." *Id*. Although whether conduct constitutes gross negligence is normally a mixed question of law and fact, "when the evidence supports but one reasonable inference, the question becomes a matter of law for the court." *Id*.

The Court has reviewed the record and finds no issue of material fact as to whether SCDSS was grossly negligent in referring Plaintiff for a forensic medical exam as part of its investigation of her complaint of abuse. The only evidence before the Court shows that SCDSS acted in accordance with child abuse response protocol in ordering the Examination [*see* Doc. 45-7], and that it was the medical provider, *not* SCDSS, who determined the extent and nature of the Examination. [*See* Docs. 45-2 ¶¶ 5, 7–8; 48-18 at 23–24 (23:2–24:24) (Demas repeatedly testifying that the provider, not SCDSS, determines the extent of the medical examinations); *see also* Doc. 45-6 at 18 ("In my professional opinion [SCDSS] did not breach the standard of care by referring [Plaintiff] for a medical forensic examination in this case. [SCDSS]'s decision to do so is supported by the South Carolina Child Abuse Response Protocol.").] Plaintiff spends the majority of her response to Defendants' motion responding to Defendants' alternative arguments regarding the public duty rule and relevant statutory provisions, in addition to arguing for the first time that the nondelegable duty doctrine applies [*see* Doc. 48 at 6–9],[4] but fails to explain how the evidence in this case supports a finding of gross negligence by SCDSS. Without such evidence, the Court cannot conclude that there is a question of

---

[4] As Defendants explain in reply [Doc. 49 at 6–8], South Carolina law prohibits the application of the non-delegable duty against the sovereign. *See* S.C. Code. § 15-78-60(20).

material fact at issue regarding Plaintiff's negligence claims, and summary judgment is therefore appropriate.

**Section 1983 Claims**[5]

The Court next turns to Plaintiff's claim under 42 U.S.C. § 1983. Section § 1983 provides a private cause of action for constitutional violations by persons acting under color of state law. The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

---

[5] Although the Complaint purports to assert two § 1983 claims, Plaintiff's fourth cause of action is for "Injunctive Relief Pursuant to 42 U.S.C. § 1983." [Doc. 1-1 ¶¶ 91–104.] Because there is no such cause of action under the law, *see In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, No. 3:11-cv-02784-JMC, 2013 WL 1316562, at *11 (D.S.C. Mar. 27, 2013) ("A claim for declaratory judgment or injunctive relief is actually a claim for an alternative remedy, not a separate and independent cause of action."), the Court treats Plaintiff's third and fourth causes of action as one § 1983 claim seeking both monetary and injunctive relief. Additionally, although Plaintiff appears to assert her § 1983 claim against all Defendants, Defendant SCDSS and Defendant Leach, who is sued only in his official capacity [Doc. 1-1 ¶¶ 8, 45, 98], are entitled to summary judgment because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Woods v. S.C. Dep't of Soc. Servs.*, No. 6:24-cv-00502-HMH-KFM, 2024 WL 1494994, at *4 (D.S.C. Feb. 28, 2024) (concluding that SCDSS is not "a 'person' as defined by § 1983"), *Report and Recommendation adopted by* 2024 WL 1131232 (D.S.C. Mar. 15, 2024).

Plaintiff alleges that Defendants violated her Fourteenth Amendment rights by subjecting her to the Examination.[6]  [Doc. 1-1 ¶¶ 77–104.]  In their motion for summary judgment, Defendants argue that Plaintiff can show no evidence of conduct that "shocks the conscience" as required to support her claim of a due process violation.  [Doc. 45-1 at 20–22.]  In response, Plaintiff does not address the Fourteenth Amendment[7] but

---

[6] Plaintiff's § 1983 claim is not entirely clear.  It refers only to the Fourteenth Amendment but alleges that the constitutional rights at issue include Plaintiff's rights to due process, to family integrity and autonomy, to be free from unnecessary search and seizure, and to be free from cruel and unusual punishment.  [Doc. 1-1 ¶¶ 91–104.]  To the extent Plaintiff alleges that the Examination itself violated her constitutional right to be free from unnecessary search and seizure [Doc. 1-1 ¶¶ 78, 84], the claim would be analyzed under the Fourth Amendment.  *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (holding that "if a constitutional claim is covered by a specific [federal] constitutional provision, such as the Fourth . . . Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process"); *Tenenbaum v. Williams*, 193 F.3d 581, 606 (2d Cir. 1999) (holding that a medical examination of a child's vagina and surrounding areas for evidence of sexual abuse constituted a search within the meaning of the Fourth Amendment).  However, as argued by Defendants [Doc. 45-1 at 19–20], Plaintiff has not produced evidence of any act taken by any Defendant that violated the Fourth Amendment—if anything, any alleged infringement on Plaintiff's right to be free from unreasonable search and seizure would have been by the medical providers who performed the Examination, not by Defendants. [*See* Doc. 48-18 at 23–24 (23:2–24:24) (Demas repeatedly testifying that the provider, not Demas, determines the extent of the medical examinations)]; *Herrera v. Finan*, 176 F. Supp. 3d 549, 568–69 (D.S.C. 2016) ("Personal participation of a defendant is a necessary element of a § 1983 claim against a government official."), *aff'd*, 709 F. App'x 741 (4th Cir. 2017).  And Plaintiff cannot assert a claim against Defendants for actions taken by the medical providers but must have evidence that Defendants' own actions violated the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

[7] Indeed, the words "Fourteenth Amendment" do not appear in Plaintiff's response to Defendants' motion for summary judgment.  [*See* Doc. 48.]  In the portion of Plaintiff's memorandum addressing injunctive relief, she refers to the Fourth Amendment.  [*Id.* at 20–26.]  However, as previously stated, Plaintiff has failed to point the Court to any evidence to support a finding that any Defendant in this action violated her Fourth Amendment rights.

8

instead cites the American Academy of Pediatrics' text, *Medical Evaluation of Child Sexual Abuse: A Practical Guide*, 4th Edition (2019), for the proposition that standard sexual abuse protocols prohibit a medical provider from conducting a sexual abuse examination absent evidence of sexual abuse. [Doc. 48 at 14–19.] Plaintiff argues that the Examination accordingly violated a clearly established constitutional right. [*Id*. at 14–19, 27.]

The Court concludes that no reasonable juror could find that Defendants' referring Plaintiff for a forensic medical examination in response to allegations of physical abuse violated her due process rights under the Fourteenth Amendment. The Constitution bars states from "depriv[ing] any person of life, liberty, or property, without due process of law." *See* U.S. Const. amend. XIV, § 1. This "includes a substantive component that provides heightened protection against government interference with certain fundamental rights and liberty interests." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion) (internal quotation marks omitted). Substantive due process prohibits only the most egregious and arbitrary governmental conduct that "shocks the conscience." *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Conduct that shocks the conscience is "abusive or oppressive" in purpose and without "justification by any government interest." *Susan Virginia Parker v. Henry & William Evans Home for Children, Inc.*, 762 F. App'x 147, 156 (4th Cir. Mar. 1, 2019) (internal quotation marks omitted). "Defining conduct that shocks the conscience does not draw on any traditional standard of liability from tort law but rather refers, as a constitutional construct of substantive due process, to

conduct *intended to injure* in some way unjustifiable by any government interest."[8] *Slaughter v. Mayor and City Council of Balt.*, 682 F.3d 317, 321 (4th Cir. 2012) (emphasis added) (internal quotation marks omitted). "While it is clear that intentionally harmful conduct may constitute a violation of the Fourteenth Amendment, it is equally clear that negligence alone does not amount to a constitutional violation." *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001).

Here, Plaintiff offers no evidence that any Defendant sought to intentionally harm her by referring her for a medical examination in response to her allegations of physical abuse. Indeed, the only evidence before the Court is that Defendants took such actions in an effort to *prevent* further harm to Plaintiff as required by law. [*See* Docs. 45-2 ¶ 5; 45-3 at 33 (32:9–24); 45-7.] As a result, no reasonable juror could find that any Defendant's conduct "shock[ed] the conscience" so as to amount to a constitutional violation. *Cf. Parker*, 762 F. App'x at 156–58 (affirming the district court's dismissal of Fourteenth Amendment claims against department of social services case workers because the case workers' conduct in removing children from their parents' home in response to evidence of child abuse did not shock the conscience, despite allegations that they failed to conduct a reasonable investigation). Accordingly, Defendants are

---

[8] As the Fourth Circuit noted in *Slaughter*, "a lower level duty of culpability may amount to a substantive due process violation in those situations where the government is required to take care of those who have already been deprived of their liberty." 682 F.3d at 321. However, the record in this case does not support a finding that Plaintiff had already been deprived of her liberty at the time she was referred for the forensic medical examination. Nor does Plaintiff appear to contend that a lower level of culpability applies to her. [*See generally* Doc. 48.]

entitled to summary judgment on Plaintiff's § 1983 claim.[9]

## **CONCLUSION**

Wherefore, based upon the foregoing, Defendants' motion for summary judgment

[Doc. 45] is GRANTED.

IT IS SO ORDERED.

<u>s/ Jacquelyn D. Austin</u>
United States District Judge

August 22, 2025
Columbia, South Carolina

---

[9] Because the Court concludes that Defendants are entitled to summary judgment on Plaintiff's § 1983 claim for these reasons, the Court declines to address the parties' additional arguments.